GARDEN-O-RAMA, INC., Respondent, v. PROVIDENT INSURANCE COMPANY OF NEW YORK, Appellant, and A. H. ZIMMER, as Building Inspector of the Incorporated Village of Massapequa Park, et al., Respondents.—In an action against an insurance company to recover damages sustained as the result of a fire, the defendant insurance company appeals from an order of the Supreme Court, Nassau County, dated December 17, 1963, which denied its motion, pursuant to the CPLR (3101, subd. [a], par. [4]), to take the testimony of the Building Inspector of the Incorporated Village of Massapequa Park and of said village, as nonparty witnesses. Order affirmed, with $10 costs and disbursements to be paid by defendant to plaintiff. The fire-damaged building was demolished by the plaintiff pursuant to a resolution of the trustees of the Incorporated Village of Massapequa Park, directing that the owner demolish it within 30 days and declaring that upon the owner's default the village would perform the necessary work and assess the cost thereof against the property. The resolution was based on a report by the Village Building Inspector in which he stated his findings based upon his examination of the building and in which he recommended its condemnation. It appears that the defendant has a copy of both the trustees' resolution and the Building Inspector's report. It also appears that prior to the demolition of the building the defendant had been notified of the resolution and had had the building examined by two builders who submitted their estimates of the damage to the

defendant. In our opinion, under the circumstances the Special Term did not improvidently exercise its discretion in determining that there were not adequate special circumstances which required the granting of the motion (see CPLR 3101, subd. [a], par [4]). Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.